CHARLES FINSILVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE W. STILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6468, 6521. Promulgated September 29, 1927.

As of January 2, 1917, the surplus of a corporation was placed to the credit of its two stockholders and a third stockholder acquired one-third of the capital stock. Portions of the amounts credited to the two stockholders were paid to them in 1917 and 1918. In 1919 the private ledger was discontinued and the balances standing to the credit of the stockholders in March, 1919, were transferred to the accounts of the stockholders on the general ledger and the amounts were paid to the stockholders in 1920, 1921, and 1922, with accrued interest payable upon the balances. *Held*, that the petitioners derived no taxable income from the transfer of the balances from the confidential ledger to the general ledger in 1919.

*William Katz, Esq.*, for the petitioners.
*F. S. Easby-Smith, Esq.*, for the respondent.

These proceedings, consolidated for the purpose of decision, are for the redetermination of deficiencies in income tax for the year 1919 in the amount of $4,379.75 in the case of Charles Finsilver, and in the amount of $2,657.81 in the case of George W. Still. The deficiencies were occasioned by the addition to the net income reported by Charles Finsilver of $11,141.07 and in the case of George W. Still of $8,629.06, shown as a credit to their accounts upon the books of Finsilver, Still & Moss, Inc., in 1919.

FINDINGS OF FACT.

On January 1, 1917, Finsilver & Still Co., a corporation, had a capital stock of $100,000 and a surplus, accumulated during the years 1912 to 1916, inclusive, of $38,131.16. Fifty-one per cent of the capital stock was owned by Finsilver and 49 per cent by Still. On January 1, 1917, Sol Moss purchased one-third of the stock of the corporation at par. Under the agreement between the two petitioners and Moss, the surplus was to be divided between Finsilver and Still, in the proportion of their stock ownership, that is, 51 per cent was to be credited to Finsilver and 49 per cent to Still, and was to be subject to withdrawal at their pleasure or at the pleasure of the corporation, and the amounts retained by the corporation were to draw interest at the rate of 5 or 6 per centum per annum. It was further agreed that a new corporation, to include the name of Moss, was to be formed in the fall of 1917 to take over the business.

On January 2, 1917, Finsilver and Still were credited with their distributive shares of the surplus of the corporation, namely, $19,241.84 and $18,889.32, respectively. They drew against these balances in 1917 and 1918; then interest was credited on the undrawn amounts. In 1919 the undrawn amounts standing to the credit of Finsilver and Still were $11,141.07 and $8,629.06, respectively. A rearrangement of their accounting system took place on March 1, 1919, and transfer items of this nature were posted in a controlling account (the confidential ledger page of the general ledger) to close out and discontinue the keeping of a separate confidential ledger.

Pursuant to agreement a new corporation was formed in November, 1917, under the name of Finsilver, Still & Moss, Inc., which took over the business of the predecessor corporation, continuing the same books and standing in the same relation to the stockholders as the prior corporation. The new corporation was organized with a capital stock of $150,000. The profits of the business from January 1, 1917, to the date of organization of the new corporation amounted to $33,808.75. The $150,000 capital stock of the new corporation was issued for $100,000 tangible assets of the old corporation, $33,808.75 profits of the new corporation, plus $16,191.25 for good will.

The $11,141.07 transferred from the private ledger to the general ledger in 1919 and placed to the credit of Finsilver was paid to him as follows:

| | |
|---|---:|
| January 17, 1921 | $1,000.00 |
| January 20, 1921 | 750.00 |
| January 3, 1922 | 199.07 |
| February 17, 1922 | 9,192.00 |
| Total | 11,141.07 |

The $8,629.06 transferred from the private ledger to the general ledger and placed to the credit of Still was paid to him by the corporation as follows:

| | |
|---|---:|
| December 31, 1920 | $2,000.00 |
| January 5, 1921 | 2,000.00 |
| February 17, 1921 | 2,000.00 |
| January 3, 1922 | 2,629.06 |
| Total | 8,629.06 |

Upon the audit of the tax returns of the petitioners for the year 1919, the Commissioner added to the net income reported by Finsilver $11,141.07, and to the net income reported by Still $8,629.06, shown as credits on the general ledger for the first time in 1919.

### OPINION.

SMITH: The only question presented by these appeals is whether the petitioners are liable to income tax in 1919 in respect of amounts transferred from the private ledgers of Finsilver, Still & Moss, Inc., in 1919 and placed to the accounts of the petitioners upon the general ledger. The evidence shows conclusively that these amounts represented earnings of a predecessor corporation between the years 1912 and 1916, inclusive. They were subject to their withdrawal at any time after January 1, 1917, and they received interest upon the undrawn amounts. There is no claim made by the respondent that the petitioners received in the year 1921 the amounts transferred to them from the private ledger to the general ledger. The evidence is conclusive that the amounts were not paid to them until subsequent years. The record does not show whether the petitioners accounted for the moneys placed to their credit upon the books of the predecessor corporation on January 1, or January 2, 1917, in their income-tax returns for 1917. They contend that the amounts did not constitute income in the year 1919 and the evidence conclusively shows that the most that occurred in that year was a transfer of the amounts in question from the private ledger to the general ledger. They received no portion thereof in 1919. The amounts were not first placed to the credit of the petitioners in 1919. We have no evidence as to the basis upon which the petitioners kept their books and reported their income. But whatever method was employed in keeping their books these amounts were not income in 1919.

> *Judgment will be entered for the petitioners on 15 days' notice, under Rule 50.*

Considered by LITTLETON and LOVE.